United States District Court
Northern District of Indiana
Hammond Division

LAMAR SANDERS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:14-CV-463 JVB
(arising out of 2:08-CR-22)

**OPINION AND ORDER**

This matter is before the Court on Lamar Sanders's motion under 28 U.S.C. § 2255 to have his sentence set aside (DE 324).[1] He filed his petition pro se, but later counsel appeared for him and filed a motion for leave to file a supplemental § 2255 motion (DE 345).

The questions before the Court are whether Sanders should be allowed to file a supplemental § 2255 motion, whether an evidentiary hearing is required, and, if not, whether Sanders is entitled to any relief under § 2255.

**A.    Background**

Among other things, Sanders claims he was denied effective assistance of counsel because his attorney didn't raise a Speedy Trial Act challenge. Therefore the Court will recount the procedural history of this case in some detail.

On March 5, 2008, Sanders, along with his co-defendant, Ralphael Scott, was indicted on a charge of kidnapping R.E., a child under the age of eighteen, and Hobbs Act extortion. Trial

---

[1] All docket entry numbers refer to the docket in Case No. 2:08-CR-22.

was set for May 12, 2008, with pretrial motions due on April 18. On April 15, Sanders moved for additional time to file pretrial motions and for a continuance of the trial. The motions were granted and the trial was reset for July 21, 2008. Sanders filed a motion to suppress on May 27. When the motion was fully briefed, the Court vacated the trial date and the motion was set for a hearing to be held on August 7, 2008.

The day before the hearing on the motion to suppress was to begin, Sanders moved to continue it and it was reset for October 7, 2008. On the scheduled date, Sanders asked for time to hire new counsel. The motion hearing was reset to November 13, 2008, but Sanders's new counsel moved for a continuance and the hearing was reset to January 12, 2009. The hearing began on that date, resumed on March 10, 2009, and concluded on May 4, 2009. A schedule for the filing of supplemental briefs was set and extended once at Sanders's request and once at the Government's, such that Defendants' reply briefs were due August 20.

On July 1, 2009, the Court set the case for trial on September 21, 2009. Thereafter, Sanders filed three motions for continuances of the trial, ultimately resulting in a trial setting of June 7, 2010. On the morning of June 7, Sanders's attorney withdrew his appearance. The Court vacated the trial date, which was reset to October 25, 2010. Once again Sanders moved to continue the trial and it was reset to January 18, 2011, when the trial began.

The jury found Sanders guilty on both counts of the indictment and he was sentenced to 25 years on the kidnapping count—the statutory minimum for child kidnapping—and 20 years on the extortion count, with the two sentences to be served concurrently. He appealed but the Seventh Circuit Court of Appeals affirmed both his conviction and sentence.

In December 2014, after his petition for a writ of certiorari was denied, Sanders filed a

2

timely pro se motion under § 2255. In May 2015, an attorney entered her appearance for Sanders and filed a motion for an extension of time to file an amended § 2255 motion. The Court set a deadline of September 18, 2015, which was not met. The Court set a new deadline of February 29, 2016, but Sanders filed a motion for an extension and was given until March 14, 2016, to file an amended motion. When that date passed with neither an amended motion nor a request for an extension having been filed, the Court ordered the Government to respond to Sanders's pro se motion, which it did on August 1, 2016. Sanders did not reply, but on August 18, 2018, he moved for leave to file a supplemental § 2255 motion, asserting entirely new grounds for relief.

### B.    Motion for Leave to File Amended Motion[2]

The Government maintains that Sanders should not be permitted to supplement his § 2255 motion so long after his original motion was filed and that his new claim lacks merit. The Court agrees with the Government's first contention and so does not reach its second.

Under Rule 12 of the Rules Governing Section 2255 Proceedings, the Federal Rules of Civil Procedure are generally applicable to § 2255 motions. Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. A § 2255 motion is the functional equivalent of a complaint, which is a pleading. Under Rule 15, leave of court is required because Sanders's motion was filed more than 21 days after the Government's response.

---

[2] Although the motion is entitled "Motion for Leave to File Supplemental Motion for Post-Conviction Relief . . .," the Court construes it as a motion to amend for the purposes of Federal Rule of Civil Procedure 15. Under Rule 15(d), a supplemental pleading is one that sets out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Sanders's motion seeks leave to add a claim attacking his sentence, which became final before his original motion was filed.

A litigant should not be granted leave to amend if to do so would be futile. *Arreolat v. Godnez*, 546 F.3d 788, 796 (7th Cir. 2008). That is the case here, because the claim Sanders seeks to assert in an amended filing is a completely new claim that is untimely under § 2255(f). Moreover, such an amendment could not relate back to the date of his original motion because the proposed claim doesn't arise from "the conduct, transaction, or occurrence set out" in the original motion. Fed. R. Civ. P. 15(c)(1)(B).

Under § 2255(f), litigants have one year from the date the judgment became final to file a § 2255 motion in most circumstances. By claiming reliance on *Dimaya*, decided on April 17, 2018, Sanders is perhaps attempting to bring his claim within § 2255(f)(3), which permits a § 2255 motion to be filed within one year of "the date the on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." However, *Dimaya* is unavailing because the right Sanders asserts was not initially recognized in *Dimaya*, but rather in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which was decided on June 26, 2015.

*Johnson* held that the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(i), "any crime . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another," was so vague as to offend the Due Process clause. *Id.* at 2563. *Dimaya* merely applied the reasoning of *Johnson* to the nearly identical language of 18 U.S.C. § 16(a), defining "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . ." and found that provision likewise unconstitutionally vague. *Dimaya*, 138 S.Ct. at 1213. "*Johnson* is a straightforward decision, with equally straightforward application here . . . . *Johnson* effectively

4

resolved the case before us." *Id.*

Regarding the issue of relation back, in his original motion Sanders claims that his attorney was ineffective for failing to advise him of a proffered plea agreement, insufficiently investigating a conflict of interest issue and failing to raise the issue on appeal, failing to object to a Speedy Trial Act violation, and failing to present scientific data to the Court of Appeals on the reliability of eyewitness testimony. In the motion for leave to amend, he indicates that, if permitted, he will claim that the mandatory minimum sentence he received on the kidnapping charge is unconstitutional under *Dimaya*.

In *Mayle v. Felix*, 545 U.S. 644, 662 (2005), the Supreme Court rejected a rule that a habeas corpus petition amendment asserted after the one-year period had expired relates back to the original petition simply because it arose from the same trial, conviction, or sentence as a timely filed petition. Rather, it held that an amended petition does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those set out in the original pleading. *Id.* Sanders's original motion concerned alleged ineffective assistance of counsel claims that occurred before trial and on appeal. His original motion raises no issues regarding his sentence, as he seeks to do in his proposed amendment. Because the proposed amendment differs in both time and type from his original claims, his motion to amend will be denied.

**C.     Claims Raised in Original § 2255 Motion**

**(1)     *Legal Standards***

The Court must decide whether any of Sanders's claims merits a hearing. Under §

5

2255(b), the Court must hold a hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .." No hearing is required where the allegations are "vague, conclusory, or palpably incredible rather than detailed and specific." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (internal citations and quotation marks ommitted). Furthermore, when a claim of ineffective assistance of counsel is raised, a § 2255 litigant must show both that his attorney's performance was deficient and that he was prejudiced by that performance, meaning there is a reasonable probability that without the attorney's mistakes, the proceeding would have had a different outcome. *Strickland v.. Washington*, 466 U.S. 668, 694 (1984).

**(2)**     *Plea Agreement*

Sanders alleges that his counsel was ineffective for failing to advise him of any plea agreements offered by the Government. But Sanders's own statements at his sentencing hearing render this claim palpably incredible. At the sentencing hearing Sanders's attorneys talked about the disparity between his sentence and the sentence his co-defendant, who signed a plea agreement and testified against Sanders at trial, received. The AUSA mentioned a plea agreement that offered him the same deal his co-defendant accepted. In speaking on his own behalf, Sanders testified that he had no problem admitting to what he has done and that the reason he didn't take a plea was because he is innocent. His statement that he rejected a plea deal because of his innocence leads to the inescapable conclusion that he was advised of the Government's offer. Moreover, he made it clear at the sentencing hearing that he would not accept a plea deal in any event because he is innocent of the crime charged. He is entitled to

6

neither a hearing nor relief on this issue.

**(3)** *Attorney Conflict of Interest*

Sanders claims his counsel was ineffective for failing to "further investigate the conflict of interest issue as a result of dual representation and possible bias against [him] from his former counsels of record" (DE 324 at 5) and for failing to raise this issue on appeal. He declares that he was prejudiced by these failures but does not explain how he was prejudiced.

Sanders and his co-defendant, Ralphael Scott, were initially represented by Michelle Ferrigan and Lawrence Levin, respectively. Because these attorneys were members of the same law firm, the magistrate judge conducted a Federal Rule of Criminal Procedure 44(c) hearing to advise Sanders and Scott of the potential for conflicts of interest with the arrangement. Both waived any conflict. But on October 7, 2008, at what was scheduled as a suppression hearing, Sanders informed the Court that he needed two weeks to retain new representation. A new attorney, Steven Wagner, entered his appearance for Sanders and Ferrigan withdrew.

As Sanders points out in his motion, his third attorney, Jerome Flynn, did investigate the conflict issue and, after Scott had pleaded guilty, moved to disqualify Levin from acting as Scott's lawyer. The magistrate judge denied the motion. Sanders apparently thinks Flynn raised the wrong arguments at the trial level and that his appellate counsel should have appealed the magistrate judge's decision not to disqualify Levin. However, Sanders alleges no facts to suggest that he was harmed by the fact that lawyers from the same firm represented both him and Scott for a short time nor does he explain what facts further investigation into the issue might have revealed or shown a reasonable probability that further investigation would have changed the

7

outcome of his case. Similarly, he offers nothing to suggest that an appeal of this issue would have had a reasonable probability of resulting in reversal of his conviction or a new trial. He has alleged no facts that, if proven, would tend to show that either his trial or appellate counsel's performance was deficient or that he was prejudiced. Thus he is not entitled to a hearing on this issue and the Court denies his § 2255 motion on this issue.

**(4)** *Speedy Trial*

Sanders declares that more than seventy nonexcludable days elapsed before his trial, in violation of the Speedy Trial Act, 18 U.S.C. § 3161, making his attorneys' performance deficient because they didn't move to dismiss the indictment against him. He has not attempted to compute when the seventy-day deadline expired. The Court has undertaken that exercise and finds no Speedy Trial violation. The Speedy Trial clock began to run on March 7, 2008, when Sanders initially appeared before the Court following his indictment, but was stopped thirty-nine days later, on April 15, 2008, when Sanders filed a motion to extend the trial date and the time for filing pre-trial motions. It had never restarted when his trial began on January 18, 2011. All the intervening time is properly excluded under either § 3161(h)(1)(D) or (h)(7). Therefore, Sanders cannot show his attorneys' performance was deficient. Moreover, even if the Court's calculation of excludable time is wrong, given the seriousness of the charges against him, the Court undoubtedly would have dismissed the indictment without prejudice and the Government would have re-indicted him. Accordingly, he can show no prejudice from any Speedy Trial Act violation. For these reasons, he is not entitled to a hearing on the Speedy Trial Act issue and the Court denies his § 2255 motion on this ground.

**(5)** *Scientific Data*

Sanders's final claim is that his appellate attorney was ineffective because he didn't file scientific data to support his argument on appeal regarding the reliability of an identification procedure. Although the Seventh Circuit Court of Appeals did state, in its opinion denying Sanders's direct appeal, that scientific sources should generally accompany argument that an identification procedure was unnecessarily suggestive, that court made it clear that Sanders was not prejudiced by the omission of such data: "Often the right disposition will be evident without the aid of social science. Such is the case here." *United States v. Sanders*, 708 F.3d 976, 985 (7th Cir. 2013) (citation and internal quotations omitted). The court assumed that the identification procedure was suggestive, but held that Sanders could not prove that the identification procedure Sanders challenged was unnecessary. *Id.* at 986. Once again, no hearing is required and Sanders is entitled to no relief on this ground.

**D.     Certificate of Appealability**

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner on a § 2255 motion. A petitioner is entitled to a certificate of appealability only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must demonstrate that reasonable jurists would find the court's assessment of his constitutional claims debatable or wrong. *United States v. Fleming*, 676 F.3d 621, 635 (7th Cir. 2012). Sanders has not shown that reasonable jurists would debate the Court's resolution of his claims or agree that they should have been resolved differently. Therefore, the Court declines to certify any issues

9

for appeal.

**E.     Conclusion**

For the foregoing reasons, the Court **DENIES** Lamar Sanders's motion under 28 U.S.C.§ 2255 (DE 324), **DENIES** his motion filed as DE 345, and declines to certify any issues for appeal.

SO ORDERED on June 28, 2019.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge